**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MARIO S. ENGLISH, JR.,** | ) | |
| **DONALD HARDY,** | ) | |
| **SUAVE JOHNSON,** | ) | |
| **FNU MCCOY,** | ) | |
| **DAVID GEHRET, and** | ) | |
| **FNU BLACKMAN,** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 16-cv-00395-SMY** |
| | ) | |
| **KIMBERLY BUTLER, and** | ) | |
| **MONICA NIPPE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiffs Mario S. English, Jr., Donald Hardy, Suave Johnson, FNU McCoy, David Gehret and FNU Blackman are currently incarcerated at Menard Correctional Center ("Menard"). They jointly bring this *pro se* action under 42 U.S.C. § 1983 against Monica Nippe, a Menard employee and Warden Kimberly Butler.

This matter is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court shall review a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a government entity." During this preliminary review, the Court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint," if the complaint "is frivolous, malicious, or fails to state a claim on which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b)(1)-(2).

### A. *Failure to State a Claim Upon which Relief May be Granted*

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Plaintiffs' Complaint fails to state a claim on which relief may be granted. As far as the substance of the Complaint is concerned, it does not provide the Court with factual content sufficient to allow the Court to infer whether the defendants are liable for any unconstitutional misconduct. For instance, the Complaint alleges that Defendant Nippe refused Plaintiff English's request for a voucher to mail his legal mail. However, there is no indication that this refusal frustrated or impeded English's pursuit of a non-frivolous claim, as is required to plead an access to courts claim. *See Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). He merely states the he "missed" some unidentified court deadlines. (Doc. 1, at 20.)

Plaintiffs' other claim concern the prison's failure to respond to grievances. Specifically, the Complaint alleges that nobody responded to a grievance English filed against Nippe, nor a grievance he filed with Warden Butler. This claim is problematic because state "inmate grievance procedures do not give rise" to constitutional claims. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). As it stands right now, the Complaint does not allege that Nippe mishandled any grievances or that Warden Butler was involved in the alleged denial of Plaintiffs' access to legal materials.

Also problematic is the fact that Plaintiffs style their claim as a class action. The Federal Rules of Civil Procedure permit class actions to be maintained only if the class representative "will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). However, "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp.2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)). However, Plaintiffs may proceed jointly, as long as the Court confirms that each Plaintiff (not just English) understands the hazards associated with joint litigation and wants to proceed.[1]

Accordingly, Plaintiffs' Complaint must be dismissed and they must file an amended complaint that states a plausible claim for relief. Plaintiffs would do well to follow the instructions on page 5 of the Court's civil rights complaint form, which instructs plaintiffs to "[s]tate . . . as briefly as possible, *when*, *where*, *how*, and *by whom* you feel your constitutional rights were violated." (emphasis added)

---

[1] This is discussed in-depth below.

### B. Boriboune *Warning*

The Seventh Circuit Court of Appeals has held that district courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. However, the Circuit held that each prisoner in the joint action is required to pay a full filing fee. *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004). In reaching their conclusion, the Circuit discounted the trial court's concerns about the predatory leanings of some inmates to include other inmates in litigation for their personal gain. The Circuit noted that throughout the history of prisoner litigation, even before enactment of the Prison Litigation Reform Act, "jailhouse lawyers surely overstepped their roles on occasion." *Id.* at 854. Also, the Circuit addressed the difficulties in administering group prisoner complaints, stating that "the rules [of civil procedure] provide palliatives," such as severance of the claims pursuant to Federal Rule of Civil Procedure 20(b), pretrial orders providing for a logical sequence of decision pursuant to Rule 16, orders dropping parties improperly joined pursuant to Rule 21, and orders directing separate trials pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

Next, the Circuit focused on the question whether joint prisoner litigation undermines the system of financial incentives created by the Prison Litigation Reform Act, holding that the Act did not repeal Rule 20 by implication. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." According to the Circuit, repeal by implication occurs only when the newer rule "is logically incompatible with the older one." *Id.* In concluding that no irreconcilable conflict exists between Rule 20 and the Act, the Circuit determined that joint litigation does not relieve any prisoner of

the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it.[1]

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing party pursuant to Federal Rule of Civil Procedure 5. This means that if there are five plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs, or other papers in the case will be five times greater than if there were a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under [Federal] Rule [of Civil Procedure] 11." *Boriboune*, 391 F.3d at 854-55. According to the Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group Complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If that severance of claims occurs, each Plaintiff will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers each plaintiff an opportunity to

---

[1] The filing fee for each plaintiff would be $400, or $350, if the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.  At this time, only English has moved for leave to proceed as a pauper (Doc. 2).

withdraw from this litigation before the case progresses further. Each plaintiff may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).

## Disposition

**IT IS HEREBY ORDERED** that the Complaint (Doc. 1) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that each plaintiff shall have until **June 13, 2016,** in which to advise the Court whether he wishes the Court to consider him a plaintiff in this group action.  If, by **June 13, 2016,** any one or more of the plaintiffs advises the Court that he does ***not*** wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee.

**IT IS FURTHER ORDERED** that any plaintiff who does not respond to this order by **June 13, 2016,** *will* be considered a party in this action and shall be held accountable for all consequences explained above.

**IT IS FURTHER ORDERED** that, in order to proceed with this action, any plaintiffs that choose to remain a party to this action are **DIRECTED** to submit their amended complaint within 35 days of the entry of this order (on or before **June 17, 2016).** They should label the form First Amended Complaint, and they should use the case number for this action. In drafting the amended complaint, Plaintiffs should state, in chronological order, what happened to each of them that constituted a deprivation of their constitutional rights, and who was personally involved.

An amended complaint supersedes the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiffs must also re-file any exhibits they wish the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiffs' three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g). No service shall be ordered on any Defendant until after the Court completes its § 1915A review of the First Amended Complaint. In order to assist Plaintiffs in preparing his amended complaint, the **CLERK** is **DIRECTED** to mail each Plaintiff a blank civil rights complaint form.

Plaintiffs are **ADVISED** that they are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate their whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will

cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 13, 2016**

s/ STACI M. YANDLE
**United States District Judge**