IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO S. ENGLISH, JR., # B-57430, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-0395-SMY |
| ) | |
| KIMBERLY BUTLER, and ) | |
| MONICA NIPPE, ) | |
| ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Mario S. English, Jr. ("English"), an inmate currently incarcerated at Menard Correctional Center ("Menard"), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff English alleges that his rights have been violated by Menard staff members who have hindered his access to the Courts.[1] He further alleges that Menard is at fault for failing to respond to grievances about the same. In connection with his claims, English names Warden Kimberly Butler and counselor Monica Nippe. English seeks monetary compensation and injunctive relief.

The First Amended Complaint is now before the Court for review. The Court's May 13, 2016 Order informed English that the First Amended Complaint would entirely supersede his previous filings, and that it would not be accepted in a piecemeal fashion. Accordingly, this

---

[1] English initially filed his suit as a class action, naming five plaintiffs in addition to him. In its initial dismissal of the Complaint, the Court notified all named Plaintiffs that they would need to opt-in or opt-out of the suit (Doc. 7 at 6). Two of the Plaintiffs followed this directive, but three did not. However, English filed a document disavowing the intent to pursue the action as a class action (Doc. 12 at 2-3). In light of English's filing, and because the Court's docket does not contain addresses for the three who failed to opt-out, the Court will consider those three Plaintiffs dismissed without consequence.

review only considers the First Amended Complaint and the exhibits appended to that document (Doc. 9). English's additional "response" filings (Docs. 12 and 13) are construed as motions and will be addressed in the pending motions section of this Memorandum and Order.

## **Background**

English alleges that he experienced difficulty sending legal mail at Menard when Defendant Monica Nippe refused to give him an adequate supply of money vouchers to mail his legal correspondence (Doc. 9 at 40-44). English claims that as a result of Nippe's intentional refusal, he missed multiple court deadlines (*Id.*). In an exhibit appended to his Amended Complaint, English claims that he suffered harm as a result of Nippe's actions in two court cases--#3-14-0161 and #4-14-0256 (presumably state court cases) (*Id*. at 23). He insists that in each instance, he was unable to file timely petitions for writs of certiorari due to the denial of money vouchers (*Id.*). English also appended shorthand notes made by Nippe documenting her visits to the cell house in October, November and December of 2015 at which times she noted English's requests for money vouchers (*Id.* at 36-38). The notes suggest that money vouchers were sent each time, though they do not contain any specific proof of when or how money vouchers were sent (*Id*.). A handwritten letter from English also purports to bear a handwritten response by Nippe on or around January 20, 2016, wherein she indicated that she had directed the provision of money vouchers (*Id.* at 20).

English asserts that he grieved Nippe's actions to no avail (*Id.* at 40). Specifically, English claims that he submitted a grievance to Warden Kimberly Butler, but that she did not respond (*Id.*). English argues that Nippe and Butler's actions are indicative of deliberate indifference and a denial of access to the courts (*Id.* at 40-45). English seeks monetary damages, and injunctive relief in the form of a transfer to Stateville or Pontiac, a directive to Menard

requiring the facility to always provide inmates with money vouchers, a copy of his disciplinary card and all of his incoming and outgoing mail (*Id.* at 45-47).

## Discussion

Based on the allegations, the Court finds it convenient to divide the *pro se* Complaint into the following enumerated claims. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion regarding their merit.

**Count 1:** Denial of access to the courts claim against Butler and Nippe for failing to provide English with a sufficient number of money vouchers to mail his legal correspondence; and,

**Count 2**: Fourteenth Amendment claim for failure to respond to English's grievances regarding the shortage of money vouchers for legal mail.

As discussed below, Count 1 will be allowed to proceed beyond screening solely as to Defendant Nippe; Count 1 will be dismissed without prejudice as it pertains to Defendant Butler. Further, Count 2 shall be dismissed with prejudice for failure to state a claim.

*Count 1*

The Seventh Circuit has held that prisoners must receive "that quantum of access to prison libraries [and materials]—not total or unlimited access—which will enable them to research the law and determine what facts may be necessary to state a cause of action." *See Gentry v. Duckworth,* 65 F.3d 555, 558 (7th Cir. 1995) (quoting *Hossman v. Spradlin,* 812 F.2d 1019, 1021 (7th Cir. 1987). Materials necessary include "paper, some means of writing, staplers, access to notary services where required by procedural rules, and mailing materials." *Id.* However, access need not be limitless. The two-part test to determine if an inmate has a claim for denial of access to the courts requires a showing that (1) prison officials failed to assist in the

preparation and filing of meaningful legal materials, and (2) that the failure led to some quantum of detriment such as an interruption and/or delay of the inmate's pending or contemplated litigation. *Id.* The denial of materials can satisfy the first prong of the test, while the second prong can be satisfied by showing "real prejudice." *Id.* at 558-59. An inmate need not show that he definitely would have won the underlying claim that he was hindered in bringing, rather, he need only show that he was denied "the right to rise to the level of being a failure." *Id.* at 559.

To state a claim for denial of access to the courts, a plaintiff must explain "the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions," *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted); *accord Guajardo Palma v. Martinson*, 622 F.3d 801, 805-06 (7th Cir. 2010). This requires Plaintiff to identify a non-frivolous underlying claim that was lost. *See Bridges v. Gilbert,* 557 F.3d 541, 553 (7th Cir. 2009); *Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007). The nature of the underlying loss may influence the remedy available to the plaintiff because the Seventh Circuit has held that a plaintiff may only recover injunctive relief if the loss of the underlying claim deprived the inmate of compensation.

Here, English has made sufficient factual allegations for his access to courts claim in order to proceed against Defendant Nippe because he specifically alleges that she denied him needed money vouchers for postage. He claims that as a result, he was denied access to the courts because he was time-barred from filing two petitions for certiorari. By contrast, his claim will not be allowed to proceed against Warden Butler because he does not specifically link her conduct to a denial of his access to the courts.

*Count 2*

Prison grievance procedures are not constitutionally mandated and thus do not implicate the Due Process Clause *per se*. As such, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Put differently, the fact that Defendants may have ignored Plaintiff's grievances does not give rise to a due process claim against them. English only alleges that he submitted a grievance to Defendant Butler, so this claim is only considered as to Butler. However, English has failed to state a claim because there is no independent due process right in the grievance system, and he has not alleged that Butler personally participated in denying him money vouchers. Though he alleges that he made Butler aware of his need for vouchers, in no way does he confirm that she received that message or that she was a part of the initial refusal of vouchers. Accordingly, he has not stated sufficient facts to give rise to liability on Butler's behalf.

**Pending Motions**

English filed two documents (Docs. 12, 13) that appear to serve the same purpose, to request dismissal of the co-plaintiffs named in his Original Complaint. As was discussed in footnote one, the Court hereby **GRANTS** English's request to dismiss the five named co-Plaintiffs.

The Court also notes receipt of Donald Hardy (Doc. 11), and David Gehret's (Doc. 10) Motions to Dismiss themselves from the action. Their requests are hereby **GRANTED** and they shall incur no filing fees, as was contemplated by this Court's Order (Doc. 7)

English also filed a document seeking a status update (Doc. 14). As of the issuance of this Order the Court deems that document **MOOT**.

Plaintiff also makes a request for injunctive relief in the form of a text order directing the prison to provide him with adequate materials to pursue his legal matters. The Court has already addressed this request as it pertains to an emergency or temporary restraining order, and it has **DENIED** this request (S.D. Ill., CM/ECF Case no. 16-cv-00395-SMY, dkt. entry 6). The Court will stand by that ruling absent a properly filed motion proffering further grounds for the issuance of emergency injunctive relief.

As for Plaintiff's pending Motions for Recruitment of Counsel (Docs. 3, 8), these motions will be referred to a Magistrate Judge for disposition.

### Disposition

For the reasons set forth above, **COUNT 1** is **DISMISSED** without prejudice as to **DEFENDANT BUTLER**, and **COUNT 2** is **DISMISSED** without prejudice as to **DEFENDANT BUTLER**.

The Clerk of the Court is directed to **TERMINATE PLAINTIFFS DONALD HARDY, SUAVE JOHNSON, FNU McCOY, DAVID GEHRET, AND FNU BLACKMAN** from this action without consequence.

**IT IS HEREBY ORDERED** that the Complaint shall proceed as to **COUNT 1** against **DEFENDANT NIPPE**. With respect to **COUNT 1**, the Clerk of Court shall prepare for **DEFENDANT NIPPE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court

will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Reona J. Daly** for further pre-trial proceedings, including a decision on Plaintiff's Motions for Recruitment of Counsel (Docs. 3, 8). Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Daly** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 8, 2016**

s/ STACI M. YANDLE
United States District Judge
