IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARIO S. ENGLISH, JR., | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 16-CV-395-SMY-RJD |
| MONICA NIPPE, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge Reona J. Daly (Doc. 68), recommending that the Court grant Defendant Monica Nippe's Motion for Summary Judgment on the Issue of Exhaustion (Doc. 46), deny Plaintiff's Motion for Summary Judgment on Exhaustion of Remedies (Doc. 53), and deny Plaintiff's Motion for Leave to Amend his Motion for Summary Judgment on Exhaustion (Doc. 57). Plaintiff filed a timely objection (Doc. 70). For the following reasons, the Court **ADOPTS** the Report and Recommendation in its entirety.

Plaintiff Mario English, Jr., currently incarcerated at Menard Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging that Defendant Nippe violated his right to access the courts by denying him a supply of money vouchers to subsidize his legal mailings. Defendant moved for summary judgment, asserting that Plaintiff failed to exhaust his administrative remedies prior to filing suit. As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Judge Daly conducted an evidentiary hearing on Defendant's motion.

Following the *Pavey* hearing, Judge Daly issued the R&R currently before the Court

which accurately states the nature of the evidence presented by both sides on the issue of exhaustion, as well as the applicable law and the requirements of the administrative process. Judge Daly found that Plaintiff failed to exhaust his administrative remedies as to his claim against Defendant Nippe prior to filing his lawsuit.

Judge Daly examined the grievances allegedly dated January 14, 2016 and January 20, 2016, and determined that the content of the grievances were suspicious and likely written after Plaintiff filed this lawsuit. She concluded that the inconsistencies in Plaintiff's allegations and testimony regarding his attempts at exhaustion coupled with the strong documentary evidence supported her determination that Plaintiff did not submit these grievances to prison staff. Judge Daly also noted that Plaintiff has filed many grievances; each contained in his counseling summaries. However, there was nothing in the record to indicate that he filed either of the January grievances with any IDOC staff.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may accept, reject or modify the magistrate judge's recommended decision. *Id.* In making this determination, the Court must look at all of the evidence contained in the record and give fresh consideration to those issues to which specific objections have been made. *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* 3076.8, at p. 55 (1st Ed. 1973) (1992 Pocket Part).

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that

an inmate file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002).

Plaintiff filed general objections to the R&R reiterating the arguments made at the *Pavey* hearing and in his previous filings with the Court – mainly that he filed his grievances on January 14, 2016 and January 20, 2016. Plaintiff also asserts that the Court must credit his statements that he put the grievances in the institutional mail on the specified dates.

Although Plaintiff alleges that he submitted his grievances, Judge Daly did not find Plaintiff's assertions credible. During *Pavey* hearings, a court can make findings of fact and credibility assessments of witnesses. *See Pavey*, 663 F.3d at 904. Magistrate judges stand in the best position to assess a witness's credibility because they have the opportunity "to observe the verbal and nonverbal behavior of the witnesses . . . [including their] reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements." *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052-53 (7th Cir. 1995). Clearly, Judge Daly assessed the credibility of Plaintiff's statements regarding when the January grievances were written and found them lacking. The Court finds no reason in the record to second-guess Judge Daly's credibility determinations. *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations").

The Court finds Judge Daly's factual findings and rationale to be sound. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Here, it is apparent that Plaintiff did not exhaust his administrative remedies prior to filing suit. Accordingly, the Court adopts Magistrate Judge Daly's Report and Recommendation (Doc. 68). This case is **DISMISSED**

**without prejudice** for failure to exhaust administrative remedies.

    **IT IS SO ORDERED.**

    **DATED: March 27, 2018**

    **s/ Staci M. Yandle**
    **STACI M. YANDLE**
    **United States District Judge**